## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID I. SHAHEEN )<br>1818 N Street, NW, Suite 400 )<br>Washington, D.C. 20036 )<br> )<br>Plaintiff )<br> )<br>v. )<br> )<br>CHARLES JAY SMITH )<br>3011 Blue Grouse Rd )<br>Reno NV 89509 )<br> )<br>and )<br> )<br>HOW 2 GO PUBLIC.COM, Inc. )<br>18124 Wedge Pkwy., Suite 1050 )<br>Reno, NV 89511 )<br> )<br>Defendants ) | **PLAINTIFF'S COMPLAINT FOR**<br>**COPYRIGHT INFRINGEMENT**<br><br>Civil Action #: _____ |

## PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff David I. Shaheen, by and through his undersigned attorneys, avers as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over Defendants, Charles Jay Smith and How 2 Go Public.com,

and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a), because, on information and belief, Defendants reside in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff DAVID I. SHAHEEN ("Plaintiff") is an individual who resides in Virginia. Plaintiff is a partner in the law firm of Burk & Reedy, LLP, which is located in Washington D.C.

5. Plaintiff is informed and believes that Defendant HOW 2 GO PUBLIC.COM (Defendant "How 2 Go Public.com" or collectively "Defendants") is a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business in Nevada.

6. Plaintiff is informed and believes that Defendant CHARLES JAY SMITH ("Defendant Smith" or collectively "Defendants") is President of How 2 Go Public.com and resides in Nevada.


## COUNT I INFRINGEMENT OF COPYRIGHTS

7. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

8. In 2008, Plaintiff wrote, and is the sole author of, an article entitled *Going Public by Direct Filing vs. Reverse Merger* ("the Article"). *See* Article at Exhibit A.

9. On or about August 12, 2008, Bizfin, LLC ("Bizfin"), an online business journal, published the Article on its website (http://www.bizfin.com/article-going-public.htm) with Plaintiff's permission.

10. The Article is also published on Burk & Reedy's website via links on Plaintiff's biography page (http://www.burkreedy.com/Bio/DavidShaheen.html) and on the law firm's articles page (http://www.burkreedy.com/articles.html).

2

11. As published on Bizfin's website, the Article includes the following notice: "All rights reserved. Reproduction of this article, in whole or in part, in any form or medium without express written permission from David I. Shaheen, Esq. is strictly forbidden."

12. As published on Burk & Reedy's website, the Article includes the following notice: "© 2011 David I. Shaheen All rights reserved. Reproduction of this article, in whole or in part, in any form or medium without express written permission from David I. Shaheen, Esq. is strictly forbidden."

13. On or about October 14, 2008, Defendant Smith emailed Bob Koveleskie ("Koveleskie"), President of Bizfin. Defendant Smith asked Koveleskie if they could work together, informing Koveleskie that Defendants look for private companies who want to go public or raise money and that instead of an initial public offering or a reverse merger, Defendants take companies public through a direct public offering for as little as $50,000.

14. In or about the last quarter of 2008, Defendants published the Article on How2GoPublic.com (http://how2gopublic.com/dpovsrm.html) without Plaintiff's permission. *See* Article as it appears on Defendants' website at Exhibit B.

15. Defendants reprinted the Article identically on How2GoPublic.com with the exception of eight minor, non-substantive changes, several of which changes were made to imply that Defendants authored the Article instead of Plaintiff. Defendants also made a substantial change to the Article by removing Plaintiff's byline and contact information so that Plaintiff was not identified as the author and prospective customers could not contact Plaintiff to perform the SEC registration work. *See* redlined copy of the Article reflecting Defendants' changes at Exhibit C.

16. On information and belief, Defendants published the Article on How2GoPublic.com in order to solicit customers and profit from the Article.

3

17. On November 4, 2011, Defendants reprinted the Article with Defendants' revisions by posting it under Defendant Smith's his name on *The M&A Advisor* website to solicit clients. *See* Exhibit D.

18. In addition, or about the last week of October 2011, Defendants reprinted a substantial portion of the Article in a posting under the Defendant Smith's name on the worldwide business website *LinkedIn* to solicit clients for Defendants' services. *See* Exhibit E.

19. Defendants' website currently states that they charge a flat fee of $40,000 for their service in taking its customers' companies public.

20. On information and belief, Defendants also receive shares of Common Stock and other remuneration from every company they take public using the method referenced in Plaintiff's Article.

21. Defendants' website indicates that it had ten new clients in 2010 alone. On June 29, 2012, Defendant Smith placed a public notice on the business website, *LinkedIn.com*, stating that: "The last eight weeks we have had three clients get their OTCQB trading symbol and another go "effective". We charge $30K for the entire process; you pay for your audit. We get the job done. For more information please visit our web site www.how2gopublic.com or call Jay Smith at 775-851-7397." *See* Exhibit F.

22. On or about September 18, 2011, Plaintiff received his registration No. IX 7-417-295 for the Article, Going Public by direct filing, from the United States Copyright Office, a copy of which is attached hereto as Exhibit G.

23. As of the date of the filing of this Complaint, Defendants continue to publish the Article on How2GoPublic.com without Plaintiff's permission.

24. Plaintiff is, and at all relevant times has been, the owner of exclusive rights under United States copyright law with respect to the Article.

25. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to

4

publish the Article and to distribute the Article to the public.

26. Through Defendants' continuous and ongoing acts of distributing, reproducing and displaying the Article to the public, which acts Plaintiff believes to have been ongoing since the last quarter of 2008; Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights under copyright.

27. Plaintiff placed proper notice on the Article that reproduction without permission from Plaintiff was strictly forbidden, as follows: "Reproduction of this article, in whole or in part, in any form or medium without express written permission from David T. Shaheen, Esq. is strictly forbidden." This notice appeared on published copies of the Article. The published Article was widely available and accessible by Defendants.

28. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and indifferent to the rights of Plaintiff.

29. As a result of Defendants' infringement, Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

30. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from conducting further infringement, and ordering Defendants to immediately remove the Article from its website.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.	For an injunction providing:

"Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's

5

rights under federal or state law in the Article and any articles ("Articles"), whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce any of Plaintiff's Articles, to distribute any of Plaintiff's Articles, or to make any of Plaintiff's Articles available for distribution to the public in any manner including reference to another website, except pursuant to a lawful license or with the express authority of Plaintiff. Defendants also shall destroy all copies of Plaintiff's Articles that Defendants have downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those Articles transferred onto any physical medium or device in Defendants' possession, custody, or control."

2.   For actual damages Plaintiff suffered as a result of the infringement and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), as will be proven at trial.

3.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 16, 2012

Stevan Lieberman
D.C. Bar # 448218
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW, Suite C-2
Washington, DC 20007
Phone: 202-625-7000
Fax: 202-625-7016